**[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 97.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. COCHRANE.

**[Cite as *Disciplinary Counsel v. Cochrane*, 1994-Ohio-10.]**

*Attorneys at law—Misconduct—Public reprimand—Reciprocal discipline for violation of disciplinary rules of Nevada.*

(No. 94-1763—Submitted October 24, 1994—Decided December 7, 1994.)

On Certified Order of the Supreme Court of Nevada, No. 23463.

————————————

{¶ 1} Respondent, Thomas H. Cochrane, Attorney Registration No. 0044747, of Las Vegas, Nevada, was admitted to the practice of law in Ohio on October 9, 1958, and was also licensed to practice law in Nevada. On February 4, 1993, the Supreme Court of Nevada, following respondent's failure to answer a disciplinary complaint filed against him by the State Bar of Nevada, determined that respondent had violated several Supreme Court Rules.

{¶ 2} The Supreme Court of Nevada found that in August 1988, Cochrane was employed by Richard O'Neill to prosecute a personal injury matter for O'Neill and his son. Respondent refused to communicate with O'Neill when he requested information about his case. Respondent refused to address certain liens and refused to turn over O'Neill's file to successor counsel. Finally, respondent failed to respond to requests for information from the State Bar of Nevada. The Supreme Court of Nevada concluded that respondent's conduct was in violation of Nev.S.C.R. 153 (lawyer shall act with reasonable diligence and promptness in representing a client), 154 (lawyer's duty to communicate with client concerning the status of a matter), 166(4) (upon termination of representation, lawyer shall surrender papers and property to which client is entitled), and 200(2) (lawyer's knowing failure to respond to lawful demand for information from disciplinary

authority).  Respondent was publicly reprimanded and ordered to pay the costs of the disciplinary proceeding.

{¶ 3} Pursuant to the reciprocal discipline provisions of Gov.Bar R. V(11)(F)(1), relator, Office of Disciplinary Counsel, filed a certified copy of the order of the Supreme Court of Nevada with the Clerk of this court.  On August 29, 1994, we ordered respondent to show cause why we should not impose identical or comparable discipline in Ohio.  Although service of the show cause order was perfected on September 2, 1994, respondent has not responded to the order.

———————————

*Geoffrey Stern*, Disciplinary Counsel, and *Harald F. Craig III*, Assistant Disciplinary Counsel, for relator.

———————————

*Per Curiam.*

{¶ 4} Respondent has failed to show cause why he should not receive discipline comparable to that imposed by the Supreme Court of Nevada. Accordingly, we hereby publicly reprimand respondent.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

2