[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 45.]

OFFICE OF DISCIPLINARY COUNSEL *v*. ROSS.

[Cite as *Disciplinary Counsel v. Ross*, 1998-Ohio-442.]

*Attorneys at law—Misconduct—Six-month suspension—Reciprocal discipline for violation of disciplinary order in California—Failure to inform Office of Disciplinary Counsel of sanction received in another state is cause to enhance sanction imposed in the other state.*

(No. 97-1149—Submitted October 20, 1997—Decided February 11 1998.)

ON CERTIFIED ORDER of the Supreme Court of California, No. 94-H-16252.

———————————

{¶ 1} This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

{¶ 2} On September 21, 1995, respondent, Lewis James Ross of Costa Mesa, California, Attorney Registration No. 0043428, was suspended from the practice of law for ninety days by the Supreme Court of California in *In re Lewis James Ross on Discipline*, case No. 94-H-16252. He had failed to comply with the terms of a February 1994 private "reproval," which required that within thirty days he contact a State Bar Substance Abuse Monitoring Program in California.

{¶ 3} On June 6, 1997, relator, the Office of Disciplinary Counsel of the Supreme Court of Ohio ("Disciplinary Counsel") filed with this court a certified copy of the California ruling, and on June 25, 1997, we issued an order to respondent to show cause within twenty days why comparable discipline in this state under Gov.Bar R. V(11)(F)(4) would not be warranted. Respondent failed to file a response.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Stacy M. Solochek*, Assistant Disciplinary Counsel, for relator.

*Per Curiam.*

{¶ 4} The California proceedings established that in February 1994, respondent received a private "reproval" from the California State Bar as a result of his conviction for driving under the influence of alcohol in 1993. One of the conditions of this sanction was that respondent report to the State Bar Substance Abuse Monitoring Program in California within thirty days of the February 1994 order. Respondent not only failed to comply with the reporting requirements of the February 1994 order, but in April 1994 he was again arrested and later convicted for driving under the influence of alcohol. In September 1995, as a result of his failure to comply with the February 1994 order, the Supreme Court of California suspended respondent from the practice of law in California for ninety days. Respondent reported neither his private "reproval" nor his ninety-day suspension to the Disciplinary Counsel.

{¶ 5} A certified copy of the findings of fact in the disciplinary proceeding in the original jurisdiction constitutes conclusive evidence for us that the respondent committed the misconduct, provided that he was afforded due process of law. (Cf. ABA/BNA Lawyers' Manual on Professional Conduct [1996], Rule 22[E], Model Rules for Lawyer Disciplinary Enforcement at 1:622; and Standard 2.9, Standards for Imposing Lawyer Sanctions at 1:814.) The record before us indicates that respondent was afforded an opportunity for a hearing in California, and it is apparent that he was provided procedural due process in that state. We therefore find that the facts which underlay the action of the California Supreme Court have been established.

{¶ 6} When a respondent has received a sanction in another state, Gov.Bar R. V(11)(F)(4)(b) provides that the burden is on respondent to show by clear and convincing evidence that "the misconduct established warrants substantially different discipline in Ohio." When a respondent fails to reply to our show cause

order, we have imposed discipline comparable to that imposed by the other state. *Disciplinary Counsel v. Cochrane* (1994), 71 Ohio St.3d 97, 642 N.E.2d 343. Respondent, therefore, is subject to a minimum sanction of suspension for ninety days.

**{¶ 7}** However, by not informing Disciplinary Counsel of either his private "reproval" or his ninety-day suspension in California, respondent violated Gov.Bar R. V (11)(F)(1) (a disciplinary order in another jurisdiction must be reported to Disciplinary Counsel within thirty days). In such a situation, Gov.Bar R. V(11)(F)(6) provides that we may enhance the sanction imposed in the other state. Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————